UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ERIC FIELDS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:15 CV 1707 CDP |
|  | ) |  |
| THE BI-STATE DEVELOPMENT | ) |  |
| AGENCY OF THE | ) |  |
| MISSOURI-ILLINOIS | ) |  |
| METROPOLITAN DISTRICT, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## **MEMORANDUM AND ORDER**

Plaintiff Eric Fields was an employee of defendant Bi-State Development Agency of the Missouri-Illinois Metropolitan District (Bi-State), doing business as Metro. Fields alleges that Bi-State wrongfully terminated his employment in retaliation for his reporting that Bi-State violated the False Claims Act (FCA), 31 U.S.C. § 3729 and the American Reinvestment and Recovery Act (ARRA), Pub. L. No. 111-5, 123 Stat. 115. Bi-State now seeks to dismiss Fields' ARRA retaliation claim, arguing that it is barred by the applicable statute of limitations. Because I conclude that Fields' claim was timely filed, I will deny the motion.

Bi-State has also filed a motion to strike Fields' method of calculating his back-pay damages, or in the alternative to limit his prayer for back pay. The

method used to calculate a back pay award is not an issue for decision on the pleadings, and I will therefore deny the motion without prejudice to be raised later as an evidentiary issue.

Fields has filed a motion to compel Bi-State to respond to discovery, but does not dispute that the parties had agreed that Bi-State could wait until after the Court ruled on the pending motions to respond. While the Court certainly does not condone such an agreement, I also cannot condone a party going back on an agreement regarding discovery. I will deny the motion to compel at this time, on the assumption that it will be mooted shortly, and if disputes remain counsel must meet and confer to attempt to resolve them before filing any further discovery motion.

**Background**

Bi-State is a legally constituted body corporate and politic created through joint compact between the states of Missouri and Illinois, with its principal place of business in St. Louis, Missouri. It operates the public transportation system in the St. Louis metropolitan area. Fields worked for Bi-State between October 2003 and November 2012, during which time he was assigned to work on various large projects. During the course of his work, Fields obtained information that led him to believe that Bi-State violated multiple laws and regulations in relation to projects for which it received federal funding. Fields made protected disclosures

regarding the alleged violations beginning on or about April 20, 2012. Bi-State discharged Fields on November 20, 2012. He alleges that his protected disclosures were a contributing factor in his discharge.

Fields filed this complaint on November 13, 2015, alleging that Bi-State discharged him in retaliation for both investigating and filing claims regarding Bi-State's liability under the FCA, and for making protected disclosures regarding the misuse of covered funds under Section 1553 of the ARRA. Bi-State filed this partial motion to dismiss, arguing that Fields' ARRA claim was untimely filed inasmuch as it was required to be filed not later than two years after his termination.

## **Legal Standard**

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted." The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the factual allegations of a complaint are assumed true and construed in favor of the plaintiff. *Neitzke v. Williams,* 490 U.S. 319, 326 (1989). "The possible existence of a statute of limitations defense is not ordinarily a ground for 12(b)(6) dismissal unless the complaint itself establishes the defense." *Joyce v. Armstrong Teasdale, LLP*, 635

F.3d 364, 367 (8th Cir. 2011) (quoting *Jessie v. Potter*, 516 F.3d 709, 713 n. 2 (8th Cir. 2008)).

## Discussion

Section 1553 of the ARRA is titled "Protecting State and Local Government and Contractor Whistleblowers" and is known as the "whistleblowing provision" of the law. *Fuqua v. SVOX AG*, 754 F.3d 397, 400 (7th Cir. 2014). It provides that an employee of any non-Federal employer receiving covered funds may not be discharged, demoted, or otherwise discriminated against as reprisal for making disclosures regarding:

> (1) gross mismanagement of an agency contract or grant relating to covered funds; (2) a gross waste of covered funds; (3) a substantial and specific danger to public health or safety related to the implementation or use of covered funds; (4) an abuse of authority related to the implementation or use of covered funds; or (5) a violation of law, rule, or regulation related to an agency contract (including the competition for or negotiation of a contract) or grant, awarded or issued relating to covered funds.

Pub. L. No. 111-5, 123 Stat. at 297.

Section 1553 of the ARRA does not expressly provide a statute of limitations within which an aggrieved employee may bring an action. *See* Pub. L. No. 111-5, 123 Stat. 115. Where a federal statute fails to provide any limitations period for a new cause of action, the Supreme Court's longstanding and settled practice has been to borrow the limitations period from the most closely analogous state statute. *North Star Steel Co. v. Thomas*, 515 U.S. 29, 33-34 (1995).

Here, Bi-State argues that the most analogous limitations period under Missouri law should apply. Bi-State points to four suggested Missouri statutes from which to borrow the statute of limitations: Mo. Rev. Stat. § 105.055 (90-day limitations period for state employee to file whistleblower claim), Mo. Rev. Stat. § 213.111 (two-year limitations period under Missouri Human Rights Act), Mo. Rev. Stat. § 290.140 (two-year limitations period under Missouri Service Letter statute), or Mo. Rev. Stat. § 516.140 (two-year tort limitations period). In response, Fields contends that an analogous federal law limitations period applies: specifically, the FCA's three-year limitations period. In the alternative, Fields argues that were state law to apply, the most analogous claim to that raised here is the common-law wrongful discharge doctrine under the public policy exception in Missouri, which is governed by a five-year limitations period under Mo. Rev. Stat. § 516.120. I agree that § 516.120's five-year statute of limitations period applies to Fields' ARRA claim.

As an initial matter, I note that Fields argues that an analogous federal law limitations period should apply to his ARRA claim. The Supreme Court has held, however, that state law is always the "lender of first resort," and an analogous federal law limitations period should only be borrowed in the case of a narrow exception where application of the state limitations period would frustrate or interfere with federal policies or be at odds with the purpose or operation of the

underlying federal statute. *North Star Steel,* 515 U.S. at 34. Fields has made no showing that this is the case here, and thus application of a federal limitations period would be inappropriate. I therefore look to analogous state law limitations periods to apply to Fields' ARRA claim.

Bi-State first argues that Mo. Rev. Stat. § 105.055 is applicable to Fields' ARRA claim. Section 105.555 protects state employees from disciplinary action due to disclosures of (1) "[a] violation of any law, rule, or regulation" or (2) "[m]ismanagment, a gross waste of funds or abuse of authority, or a substantial ad specific danger to public health or safety, if the disclosure is not specifically prohibited by law." Mo. Rev. Stat. § 105.055. The statute of limitations for bringing a civil action for damages under this statute is 90 days. Mo. Rev. Stat. §105.055.7(1). Though the language of this statute mirrors that of the ARRA, the short limitations period indicates that it is not applicable to the ARRA. *See Townsend v. Bayer Corp*, 774 F.3d 446 (8th Cir. 2014). In *Townsend*, the Eighth Circuit refused to apply a 180-day limitations period under the Arkansas Whistle-Blower Act to an FCA retaliation claim brought by an employee in the private sector. *Id*. at 456. The court determined that the Arkansas Act provided a short limitations period as a brief waiver of the state's sovereign immunity in allowing a *public* employee to sue in state court, and thus was not applicable to claims of private employees. *Id.* Like that case, Fields brings his ARRA claim against his

private employer. The claim cannot be governed by a state law only applicable to public employees.

Bi-State next argues that the two-year limitations period under the Missouri Human Rights Act, Mo. Rev. Stat. § 213.111, should apply to Fields' ARRA claim. This statute is not analogous to the ARRA, however, since it applies to discharge on the basis of race, color, religion, national origin, ancestry, sex, or age, and not based upon protected disclosures. *See* Mo. Rev. Stat. § 213.010. The Missouri Human Rights Act has not been held to cover whistleblowing claim in Missouri, however, and so the application of its limitations period to this claim would be inappropriate.

Finally, Bi-State argues that the two-year limitations period under the Missouri Service Letter Statute, Mo. Rev. Stat. § 290.140, or alternatively unpaid minimum wages or overtime compensation under Mo. Rev. Stat. § 516.140, are instructive for Fields' ARRA claim. Like the Missouri Human Rights Act, however, neither of these statutes has ever been applied for whistleblowing or making protected disclosures in Missouri; so they are not instructive here.

Missouri recognizes a common-law public-policy exception to the at-will employment rule, also called the wrongful discharge doctrine. *Thompson v. Greyhound Lines, Inc.*, No. 4:12-CV-2014 CAS, 2013 WL 2641306, at *2 (E.D. Mo. June 12, 2013). An at-will employee in Missouri may not be terminated for

refusing to perform an illegal act or for reporting wrongdoing or violations of law to superiors or third parties. *Id.* (citing *Fleshner v. Pepose Vision Institute, P.C.,* 304 S.W.3d 81, 92 (Mo. banc 2010)). If an employer terminates an employee for either reason, then the employee has a cause of action in tort for wrongful discharge based on the public-policy exception. *Fleshner,* 304 S.W.3d at 91. When an employer's actions violate not only the employment contract but also clear and substantial public policy, the "employer is liable for two breaches, one in contract and one in tort." *Keveney v. Missouri Military Acad.*, 304 S.W.3d 98, 103 (Mo. 2010) (quoting *Retherford v. AT & T Communications of Mt. States, Inc.*, 844 P.2d 949, 960 (Utah 1992)). Thus, I agree with Fields that the most analogous state law claim for an ARRA retaliatory discharge action is the common-law wrongful discharge doctrine in Missouri.

In applying state law, Federal courts are bound to apply the law of the state as articulated by the state's highest court. *See Baribeau v. City of Minneapolis,* 596 F.3d 465, 475 (8th Cir.2010). When the state's highest court has not spoken, it is the job of this court is to predict how the state's high court would resolve the issue. *Id.* In doing so, we may consider "relevant state precedent, analogous decisions, considered dicta, and any other reliable data." *David v. Tanksley*, 218 F.3d 928, 930 (8th Cir. 2000). The Missouri Supreme Court has not made a clear determination as to the appropriate statute of limitations that should be applied to a

common-law wrongful discharge claim under the public policy exception. In predicting how the Missouri Supreme Court would resolve this issue, however, the nature of the claim and related Federal case law applying Missouri law can provide guidance.

*Fleshner* and *Keveney* are instructive in determining how the Missouri Supreme Court would resolve the issue of the applicable statute of limitations to a wrongful discharge claim. In both cases, the Missouri Supreme Court held that employers that violate the wrongful discharge doctrine under the public policy exception are liable for breach *in tort. See Bazzi v. Tyco Healthcare Group*, 652 F.3d 943, 947 (8th Cir. 2011); *Keveney*, 304 S.W.3d at 103. Under Missouri law, general tort claims are governed by § 516.120, which applies a five-year limitations period to "an action for taking, detaining or injuring any goods or chattels, including actions for the recovery of specific personal property, or *for any other injury to the person or rights of another*, not arising on contract and not herein otherwise enumerated." Mo. Rev. Stat. § 516.120(4) (emphasis added).

In *Levi v. Anheuser-Busch Co. Inc*., No. 08-00398-CV-W-RED, 2008 WL 4816668 (W.D. Mo. Oct. 27, 2008), the U.S. District Court for the Western District of Missouri applied a five-year limitations period to an employee's wrongful discharge claim under Missouri's public policy exception. *Id*. at \*4. The court held that common-law actions for wrongful discharge are subject to the five-year

statute of limitations under § 516.120 as actions "for any other injury to the person or rights of another, not arising on contract." *Id*. This period commences when the decision to discharge is made and the employee is notified. *Id.*

I find *Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson,* 545 U.S. 409 (2005), to be instructive in this case. In *Graham*, the United States Supreme Court determined which applicable state law limitations period applied to an employee's wrongful discharge claim under the FCA.[1] Notably, in footnote 3 of its decision, the Court suggested likely analogous state statutes for retaliatory discharge or whistleblowing claims. *Id.* at 421, n.3. The Missouri statute suggested by the Court was § 516.120, Missouri's "catchall" statute.[2] *Id.* at n.3.

I therefore conclude that the five-year limitations period "for any other injury to the person or rights of another, not arising on contract" provided by § 516.120 governs common-law wrongful discharge claims under the public policy exception in Missouri and must apply here to Field's ARRA claim. The statute of limitations began to run on November 20, 2012, the date Fields was notified of his

---

[1] *Graham* was decided before the enactment of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, which amended the FCA to include an express three-year statute of limitations for retaliation claims. *See Gilbert v. St. Rita's Prof'l Servs.*, LLL, No. 3:11 CV 2097, 2012 WL 2344583, at *4 (N.D. Ohio June 20, 2012).

[2] The Eighth Circuit likewise found the *Graham* footnote be instructive in determining the applicable limitations period for a retaliatory discharge claim under Arkansas law. *See Townsend*, 774 F.3d at 455.

termination.  Given that the present action was filed on November 13, 2015, it is timely under the applicable five-year limitations period.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's partial motion to dismiss [4] is denied.

For the reasons stated at the beginning of this opinion,

**IT IS FURTHER ORDERED** that defendant's motion to strike and alternative motion to limit damages [23] and plaintiff's motion to compel [30] are denied without prejudice to being re-raised, if appropriate, at a later stage of these proceedings.

**IT IS FURTHER ORDERED** that defendant's motion to stay [25] is denied as moot.

The parties are reminded that the deadlines set out in the Case Management Order [#18] and Order Referring Case to Mediation [#19] remain in effect, and defendant is reminded of its obligation to file an Answer to Count IV.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of August, 2016.